UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIO WADE BURNETT,

    Petitioner,

v.                                                                   Case No. 3:18cv1440-LC-CJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Petitioner Mario Wade Burnett ("Burnett") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1).[1] Respondent ("the State") moves to dismiss the petition as time-barred and procedurally defaulted, providing relevant portions of the state court record. (Doc. 9). Burnett opposes the motion. (Doc. 11). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The

---

[1] A fellow prisoner (Inmate Stanley Dickerson, DC# D31937) prepared Burnett's petition. The State discusses that Inmate Dickerson lacks "next friend" standing, (doc. 9, pp. 6-8), but the court does not question that Burnett is appearing on his own behalf to prosecute this action. Burnett personally signed the petition under penalty of perjury (doc. 1, p. 16), delivered it to prison officials for mailing (*id.*, p. 1), submitted an *in forma pauperis* application with a copy of his inmate account statement (doc. 2), paid the filing fee (doc. 5), signed his reply (doc. 11) and delivered the reply to prison officials for mailing (doc. 11, p. 1).

undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Burnett's habeas petition should be dismissed as untimely.

BACKGROUND FACTS AND PROCEDURAL HISTORY

On September 29, 1989, Burnett was convicted of first degree murder and armed robbery in Escambia County Circuit Court Case No. 1989-CF-485. (Doc. 9, Ex. A).[2] Burnett was sentenced to life in prison with a 25-year mandatory minimum for the murder, and a concurrent life sentence for the robbery. (*Id*.). On March 13, 1991, the Florida First District Court of Appeal ("First DCA") affirmed the judgment per curiam without opinion. *Burnett v. State*, 573 So. 2d 200 (Fla. 1st DCA 1991) (Mem.) (copy at Ex. B).

On March 25, 1993, Burnett filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. C, pp. 1-68). The state circuit court denied relief. (*Id*., pp. 69-154). The First DCA affirmed per curiam without opinion. *Burnett v. State*, No. 1D94-3859, 656 So. 2d 1277 (Fla. 1st DCA 1995) (Table). The mandate issued June 30, 1995. (Ex. D).

Burnett filed no other applications for state collateral review until September 11, 2009, when he filed a *pro se* motion to correct sentence under Florida Rule of

---

[2] All references to exhibits are to those provided at Doc. 9. Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom-most center of the page.
*Case No. 3:18cv1440-LC-CJK*

Criminal Procedure 3.800(a).  (Ex. E).  The state circuit court denied relief, and the First DCA affirmed per curiam without opinion.  *Burnett v. State*, No. 1D10-1963, 38 So. 3d 772 (Fla. 1st DCA 2010) (Table).  The mandate issued July 21, 2010.  (Ex. F).

On November 2, 2011, Burnett filed another *pro se* motion to correct sentence under Rule 3.800(a).  (Ex. G).  The state circuit court denied relief, and the First DCA affirmed per curiam without opinion.  *Burnett v. State*, No. 1D12-3145, 98 So. 3d 570 (Fla. 1st DCA 2012) (Table).  The mandate issued November 6, 2012.  (Ex. H).

On September 14, 2015, Burnett filed another *pro se* motion to correct sentence under Rule 3.800(a).  (Ex. I).  The state circuit court denied relief, and the First DCA affirmed per curiam without opinion.  *Burnett v. State*, No. 1D15-5100, 215 So. 3d 63 (Fla. 1st DCA 2016) (Table).  The mandate issued April 7, 2016.  (Ex. J).

On October 4, 2016, Burnett filed a *pro se* habeas corpus petition in the state circuit court.  (Ex. K, pp. 1-45).  The circuit court dismissed the petition as unauthorized and, construed as a Rule 3.850 motion, untimely.  (*Id.*, pp. 45-78).  The First DCA affirmed per curiam without opinion.  *Burnett v. State*, No. 1D16-5315, 228 So. 3d 553 (Fla. 1st DCA 2017) (Table) (copy at Ex. O).  The mandate issued

October 17, 2017. (Ex. O). Burnett sought further review in the Florida Supreme Court, but that court dismissed Burnett's petition for lack of jurisdiction. *Burnett v. State*, No. SC17-2001, 2017 WL 5473582 (Fla. Nov. 14, 2017).

Burnett filed his *pro se* federal habeas petition on June 18, 2018, raising one claim: "Trial court fundamentally erred by failing to conduct a competency hearing to determine whether the df was competent to stand trial or enter and [sic] order finding the defendant competent". (Doc. 1). Burnett states that he raised this issue in his state habeas proceeding. The State asserts Burnett's § 2254 petition is time-barred and that his claim is procedurally defaulted. (Doc. 9).

## DISCUSSION

Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Burnett's § 2254 petition, because the petition was filed after AEDPA's effective date – April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Burnett does not assert that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his judgment became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date his judgment became final.  *See* 28 U.S.C. § 2244(d)(1).

Burnett's judgment became final in 1991.  Because that was before AEDPA's effective date, he had until April 24, 1997, one year from the statute's effective date, to file his federal habeas petition.  *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209,

1211 (11th Cir. 1998) (holding that state prisoners whose convictions became final before AEDPA's effective date must be given one year from that effective date to file their federal habeas petitions); *see also Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (noting that for a state prisoner whose conviction became final prior to AEDPA's effective date, "[t]he limitations period would have ended on April 24, 1997, the anniversary date of the triggering event, which was AEDPA's effective date."); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

Burnett asserts that his petition is timely because it was filed within one year of the First DCA's October 17, 2017, mandate in his state habeas appeal. (Doc. 11, pp. 6-7). Burnett's proposed interpretation of § 2244(d) is contrary to the plain language of the statute. The completion or exhaustion of state court remedies is not one of the four triggering events identified in § 2244(d)(1). *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the limitations period for a state prisoner to file his federal habeas petition began to run on the date his conviction became final by the conclusion of direct review, not on the date he exhausted all state postconviction remedies: "The plain language of the statute indicates that an

application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations."). The commencement of Burnett's limitations period is governed by the Eleventh Circuit's holding in *Wilcox*.

The State discusses Burnett's Rule 3.850 proceeding, arguing that it did not toll the limitations period because it was filed after the one-year period expired on June 11, 1992. (Doc. 9, pp. 9-10). The court agrees that the Rule 3.850 proceeding had no effect on the limitations period, but for a different reason – that proceeding concluded in 1995, prior to the limitations period commencing on April 24, 1996. *See Wilcox, supra*.

Burnett had no applications for state postconviction or other collateral review pending during the critical time between April 24, 1996, and April 24, 1997. None of Burnett's state applications filed after April 24, 1997, statutorily tolled the limitations period, because no period remained to be tolled. *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state court application for postconviction or other collateral review cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) (same). The later filings did not reinitiate the federal limitations

period.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).   Burnett's federal habeas petition, filed on June 18, 2018, comes 21 years too late.

Equitable Tolling

Burnett claims he is entitled to equitable tolling for three reasons: (1) he has "mental/intellectual disabilities", (2) his trial counsel was ineffective for failing to raise his competency claim at trial and (3) his appellate counsel was ineffective for failing to raise the issue on direct appeal.  (*See* Doc. 1, pp. 14-15; Doc. 11, pp. 4-5). A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).  "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner."  *San Martin*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).  A petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition."  *Id*. at 1267.  "The diligence required for equitable tolling purposes is

reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (quotations omitted).

Concerning "mental/intellectual disabilities", Burnett alleges that (1) during the penalty phase of his trial the defense presented mitigation testimony from a court-appointed expert and the jury recommended a life sentence instead of death; (2) the deposition of Dr. James Larson, a court-appointed expert who determined Burnett was competent to stand trial, was not entered into the record until after the trial; (3) there was no judicial determination of incompetency or competency; (4) Dr. Larson testified that Burnett had a Verbal IQ of 72, a Performance IQ of 73, and a Full Scale IQ of 72 which falls slightly above the Mildly Mentally Retarded range; and (5) Burnett's TABE score (Test for Adult Basic Education) upon entering the Department of Corrections was 4.9. (Doc. 11, pp. 4-5). A transcript of Dr. Larson's deposition is included in the record. (Doc. 9, Ex. K, pp. 17-37).

"[M]ental impairment is not per se a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Rather, the alleged impairment must have affected Burnett's ability to file a timely habeas petition. *Id*.; *see Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). In *Lawrence*, the Eleventh Circuit concluded that Lawrence's allegations that his full-scale IQ was 81 and that he "suffered from mental impairments his entire life", alone, were

insufficient to justify equitable tolling because they did not establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition." 421 F.3d at 1226-27. By contrast, in *Hunter*, the Eleventh Circuit found that an evidentiary hearing was necessary where Hunter's evidence raised a factual issue whether his mental impairment affected his ability to timely file a federal petition. 587 F.3d at 1309-10. Hunter's evidence included a competency report finding that Hunter "was unable to read or write anything other than his name" and had a Verbal IQ of 57, a Performance IQ of 59 and a Full Scale IQ of 59, which fell "at the lower-end of the Mildly Mentally Retarded range." *Id*. at 1305.

Here, as in *Lawrence*, Burnett's claim of mental impairment falls short of the equitable tolling standard because he fails to establish a causal connection between his condition and his ability to file a timely petition. Burnett admits, and the expert testimony on which he relies shows, that he was competent to stand trial and that his Full Scale IQ is 72. *See Lawrence* at 1226-27. Additionally, Burnett pursued multiple state postconviction remedies *pro se* both before his AEDPA clock started running and after it expired. Burnett's state court pleadings show he is not without some means to access the courts. Notably, Burnett fails to explain why he was able to timely pursue the state remedies, but not a federal remedy. The fact that Burnett

did not recognize or appreciate his federal claim earlier is not an extraordinary circumstance.

Burnett's allegations of trial and appellate counsels' ineffectiveness are equally unavailing, as they focus on circumstances surrounding Burnett's underlying conviction and direct appeal, not the late filing of his federal habeas petition. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (holding that the alleged violation of the right to effective assistance of counsel does not toll the statute of limitations for filing habeas petitions under AEDPA); *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing."); *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. . . . [A] district court err[s], therefore, [if it] focus[es] upon the merits of the case to justify equitable tolling."). Burnett has not established entitlement to equitable tolling.

## CONCLUSION

Burnett's habeas petition is barred by the statute of limitations and should be dismissed. Because the limitations issue is dispositive, the State's remaining defense, procedural default, is not addressed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting*

*Page 13 of 14*

*Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 9) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Mario Wade Burnett*,

*Case No. 3:18cv1440-LC-CJK*

Escambia County Circuit Court Case No. 1989-CF-485, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 22nd day of January, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.